IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>v.<br><br>MARICELA OLSON;<br>ERIKA ESCOTO;<br>ISIDRO PALOMEQUE;<br>ESMERALDA REYES PALOMEQUE and<br>AMEIDA SALINAS as STARR COUNTY TAX ASESSOR/COLLECTOR,<br>      Defendants. | CIVIL NO. 7:24-cv-00285 |

# COMPLAINT

As authorized by a delegate of the Secretary of the Treasury and directed by a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401 and 7403, the United States of America brings this action to (1) reduce to judgment delinquent federal individual income tax assessments against Defendant, Maricela Olson, for the tax years 2013 through 2016; and (2) enforce the associated federal tax liens against four properties located in Starr County, Texas. For its Complaint, the United States alleges as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345 because this action arises under federal tax laws, and the United States is the Plaintiff.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendants, Erika Escoto, Isidro Palomenque and Esmeralda Reyes Palomeque, reside in Starr County, Texas and because the properties subject to this action are located in Starr County, Texas.

Venue is also proper because Defendant, Maricela Olsen. accrued the income tax liabilities in Starr County, Texas and she currently resides within this district.

## Parties

3. Plaintiff is the United States of America.

4. Defendant, Maricela Olson, owes federal the income taxes this suit seeks to collect and the liens for those liabilities attach to the properties that are the subject of this suit. She resides at and may be served at 2301 Fountain View Drive, Apartment 12, Houston, Texas 77057.

5. Defendant, Erika Escoto, is a party because she may claim an interest in one of the properties subject to this suit. She resides at and may be served at 154 Shady Grove Drive, Rio Grande City, Texas 78582.

6. Defendant, Isidro Palomeque, is a party because he may claim an interest in one or more of the properties subject to this suit. He resides at and may be served at 9304 Moyse Street, Olmito, Texas 78575.

7. Defendant, Esmeralda Reyes Palomeque, is a party because she may claim an interest in one or more of the properties subject to this suit. She resides at and may be served at 9304 Moyse Street, Olmito, Texas 78575.

8. Defendant, Ameida Salinas, is a party because the Starr County Tax Assessor/Collector may claim an interest in one or more of the properties subject to this suit.  She may be served at her office at 100 North FM 3167, Room 201, Rio Grande City, Texas 78582.

## COUNT I: JUDGMENT FOR TAX LIABILITIES

9.  On the following dates, a delegate of the Secretary of the Treasury made assessments against Defendant, Maricela Olson, for federal income taxes and penalties for the following tax periods and in the following amounts, ("the Income Tax Liabilities"),

which have balances due with accruals and costs as of July 31, 2024, as follows (See **Exhibit 1**, Redacted IRS Form 4340s):

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 07/31/2024 |
|---|---|---|---|---|
| **12/31/2013** | 11/24/2014 | Tax | $285,165.00 | |
| | 11/24/2014 | Failure to Pre-Pay Penalty | $4,256.75 | |
| | 11/24/2014 | Failure to Pay Penalty | $7,069.70 | |
| | 01/18/2016 | Failure to Pay Penalty | $8,592.94 | |
| | 12/18/2017 | Failure to Pay Penalty | $6,411.87 | $67,990.56 |
| **12/31/2014** | 11/23/2015 | Tax | $231,829.00 | |
| | 11/23/2015 | Failure to Pre-Pay Penalty | $3,075.20 | |
| | 11/23/2015 | Failure to Pay Penalty | $7,306.56 | |
| | 06/12/2017 | Tax | $971 | |
| | 12/18/2017 | Failure to Pay Penalty | $36,527.70 | |
| | 12/17/2018 | Failure to Pay Penalty | $116.52 | |
| | 12/09/2019 | Failure to Pay Penalty | $67.97 | $337,594.35 |
| **12/31/2015** | 03/08/2021 | Tax | $199,052.00 | |
| | 03/08/2021 | Failure to Pre-Pay Penalty | $2,739.00 | |
| | 03/08/2021 | Failure to File Penalty | $35,281.35 | |
| | 03/08/2021 | Failure to Pay Penalty | $35,261.50 | $306,562.73 |
| **12/31/2016** | 08/06/2018 | Tax | $113,899.00 | |
| | 08/06/2018 | Failure to File Penalty | $13,421.47 | |
| | 08/06/2018 | Failure to Pay Penalty | $4,772.08 | |
| | 12/09/2019 | Failure to Pay Penalty | $9,245.90 | |
| | 12/07/2020 | Failure to Pay Penalty | $894.76 | $124,195.93 |
| | | | Total: | $836,343.57 |

10. The assessments for the Income Tax Liabilities derive from tax returns that Defendant, Maricela Olson, signed and filed with the IRS.

11. A delegate of the Secretary of the Treasury gave notice and demand for payment of the Income Tax Liabilities described above to Maricela Olson. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the

Income Tax Liabilities described above have a $836,343.57 unpaid balance calculated to July 31, 2024.

12. Despite having been given proper notice and demand for payment of the assessments shown in paragraph 9, above, Defendant, Maricela Olson, has not fully paid the Income Tax Liabilities.

13. Therefore, pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Defendant, Maricela Olson, is liable to the United States for $836,343.57, as calculated to July 31, 2024, plus statutory additions and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

## COUNT II - ENFORCEMENT OF TAX LIENS ON PROPERTY A

14. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal, or failure by the tax liabilities described above after notice and demand, at the time of each of the assessments described in paragraph 9 against Defendant, Maricela Olson, a federal tax lien arose and attached to all the property or rights to the property then owned, or thereafter acquired, by Defendant, Maricela Olson, including, the property described below as Property A.

15. On or about the dates listed below, the Internal Revenue Service also recorded Notices of Federal Tax Lien ("NFTL") against Defendant, Maricela Olson, pursuant to 26 U.S.C. § 6323(f) with respect to the above-described assessments in the real property records of Starr County, Texas on the dates, for the tax years, and on the Exhibits as shown on the table below.

| Date Recorded | Tax Year(s) | Exhibit |
|---|---|---|
| 03/30/2016 | 2013, 2014 | 9 |
| 7/8/2019 | 2014 | 10 |
| 03/2/2020 | 2016 | 11 |

16. On or about August 1, 2012, Defendant, Maricela Olson, acquired title to certain real property in Starr County, Texas ("Property A"), having the following legal description:

    A tract of land containing 0.32 acres, more or less, being the East part of Tract Nine (9) of the Partition of the West 1/2 of Porcion 79, Abstract 66, Ancient Jurisdiction of Camargo, Mexico, now Starr County, Texas; said 0.32 of an acre of land being more fully described by metes and bounds as follows:

    BEGINNING at the corner of a fence, the Southeast corner of Tract 11, and East corner of Tract 9 of said West 1/2 of Porcion 79, for the East corner hereof;

    THENCE, with fence, South 57 degrees 31 minutes West, 155.0 feet to an angle in fence for a corner hereof;

    THENCE, with fence, South 80 degrees 17 minutes West, 62.0 feet to an iron pipe for the Southwest corner hereof;

    THENCE, North, 14 degrees 41 minutes East, 147.0 feet to an iron pipe in the North line of said Tract 9 and South line of tract 10, for the Northwest corner hereof;

    THENCE, with fence, South 75 degrees 19 minutes East, 88.9 feet to a corner of fence, the Southeast corner of Tract 10, the Southwest corner of Tract 11, for a corner hereof;

    THENCE, with fence, South 69 degrees 13 minutes East, 73.3 feet to the Place of Beginning.

    See Deed at **Exhibit 2**.

17. The Starr County Appraisal District lists Property A under Parcel Number 21149.

18. On or about December 23, 2016, Defendant, Maricela Olson, deeded Property A to Defendant, Erika Escoto. see Deed at **Exhibit 3.**

19. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against Property A by foreclosure sale or other court orders. In

particular, the United States is entitled to have Property A ordered sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action, including, any rights of redemption with the proceeds of the sale being distributed: first, to the costs and expenses of the sale, including, any costs and expenses incurred to secure and maintain the Property; second, to Defendant, Starr County Tax Assessor, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the tax liabilities described above; and, fourth, to the other parties in the order of their priority of interest in the property in accordance with the law; or as otherwise determined by the Court in accordance with the law.

**COUNT III - ENFORCEMENT OF TAX LIENS ON PROPERTIES B AND C**

20. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal, or failure by the tax liabilities described above after notice and demand, at the time of each of the assessments described in paragraph 9 against Defendant, Maricela Olson, a federal tax lien arose and attached to all the property or rights to the property then owned, or thereafter acquired, by Defendant, Maricela Olson, including, the properties described below as Properties B and C.

21. On or about February 12, 2013, Defendant, Maricela Olson, acquired title to two adjacent lots of real property in Starr County, Texas ("Properties B and C"), having the following legal description:

> Lots Five (5) and Six (6), Block 94A, RIO GRANDE CITY TOWNSITE, Rio Grande City, Starr County, Texas, according to the map or plat thereof recorded in Volume 1, Page 163, Map Records, Starr County, Texas, reference to which is here made for all purposes.

*See* Deed at **Exhibit 4**.

22. One of the two lots, Lot Five (5), Block 94A, that makes up Properties B and C, is undeveloped and was assigned Parcel Number 8180 by the Starr County Appraisal District.

23. The other lot, that makes up Properties B and C, Lot 6, is commonly known as 610 North Texas Street, Rio Grande City, Texas 78582. This lot is developed and was assigned Parcel Number 8181 by the Starr County Appraisal District.

24. The Internal Revenue Service recorded Notices of Federal Tax Lien against Defendant, Maricela Olson in the records of Starr County, Texas as set forth in paragraph 15, above.

25. On or about December 15, 2017, Defendant, Maricela Olson, executed a Bill of Sale for Properties B and C as the seller to Defendant, Isidro Palomeque, as the buyer. See **Exhibit 5**.

26. On or about April 2, 2020, Defendant, Maricela Olson, deeded Properties B and C to Defendants, Isidro Palomeque and Esperanza Reyes Palomeque. See **Exhibit 6.**

27. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against Properties B and C by foreclosure sale or other court orders. In particular, the United States is entitled to have Properties B and C ordered sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action, including, any rights of redemption with the proceeds of the sale being distributed: first, to the costs and expenses of the sale, including, any costs and expenses incurred to secure and maintain the Properties; second, to Defendant, Starr County Tax Assessor, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the tax liabilities described above; and, fourth, to the other parties in

the order of their priority of interest in the property in accordance with the law; or as otherwise determined by the Court in accordance with the law.

**COUNT IV - ENFORCEMENT OF TAX LIENS ON PROPERTY D**

28. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal, or failure by the tax liabilities described above after notice and demand, at the time of each of the assessments described in paragraph 9 against Defendant, Maricela Olson, a federal tax lien arose and attached to all the property or rights to the property then owned, or thereafter acquired, by Defendant, Maricela Olson, including the property described below as Property D.

29. On or about May 31, 2013, Defendant, Maricela Olson, acquired title to certain real property in Starr County, Texas ("Property D"), having the following legal description:

A 1.0 acre tract of land being all of Lot 7, Block 93-A, ORIGINAL TOWNSITE OF RIO GRANDE CITY, as per map thereof recorded in Volume 1, Page 97, Map Records of Starr County, Texas and a portion of Share 12, of the East One-Half Porcion 79, Ancient Jurisdiction of Camargo, now in Starr County, Texas, said 1.0 acre tract being more particularly described by metes and bounds as follows:

BEGINNING at a one-half (1/2) inch diameter iron rod set at the Northeast corner of said Lot 7, for an inside corner hereof;

THENCE, with the East line of said Lot, South 18 degrees 48 minutes West, 42.83 feet to a one-half (1/2) inch diameter iron rod set at the Southeast corner of said Lot 7, for the most Southerly Southeast corner hereof;

THENCE, with the South line of said Lot, North 71 degrees 12 minutes West, 115.00 feet to a one-half (1/2) inch diameter iron rod set at the Southwest corner of said Lot 7, for the most Southerly Southwest corner hereof;

THENCE, with the East Right-of-Way of Texas Street, the West line of said Lot 7, North 18 degrees 48 minutes East, 42.01 feet to a one-half (1/2) inch diameter iron rod set for an inside corner hereof;

THENCE, North 71 degrees 12 minutes West, 20.81 feet to a one-half (1/2) inch diameter iron rod with cap stamped "M&H", found for the most Northerly Southwest corner hereof;

THENCE, with the West line of said Share 12, North 09 degrees 14 minutes 41 seconds East (Deed; North 09 degrees 15 minutes East) 44.35 feet to a one-half inch diameter iron rod with cap stamped "M&H", found, for a point of deflection;

THENCE, a South line of Erasmo Lopez' tract as described in Volume 909, Page 68 of the Deed Records of said County, South 83 degrees 21 minutes 44 seconds East, 62.88 feet (Deed: South 83 degrees 48 minutes 53 seconds East, 63.0 feet), to a one-half (1/2) inch diameter iron rod found for the most Northerly Northeast corner hereof;

THENCE, with a West line of said Lopez' tract South 09 degrees 06 minutes 57 seconds West, 78.24 feet (Deed; South 08 degrees 50 minutes 55 seconds West, 78.0 feet) to a one-half (1/2) inch diameter iron rod found for an inside corner hereof;

THENCE, with a South line of said Lopez' tract South 70 degrees 49 minutes 17 seconds East, 194.39 feet (Deed; South 71 degrees 45 minutes 06 seconds East, 195.87 feet) feet to a three quarter (3/4) inch diameter iron pipe found for the most Southerly Northeast corner hereof;

THENCE, South 18 degrees 43 minutes 19 seconds West, 138.11 feet (Deed; South 18 degrees 48 minutes West, 142.70 feet) to a three-quarter inch diameter iron rod found for the most Northerly Southeast corner hereof;

THENCE, with the North line of Lot 6, Block 93-A, North 71 degrees 49 minutes 47 seconds West, at 94.6 feet found a one-half (1/2) diameter iron rod, at 97.39 feet in all (Deed; North 72 degrees 05 minutes 05 seconds West, 93.80 feet) to the PLACE OF BEGINNING, containing One (1.00) acre, more or less.

*See* Deed at **Exhibit 7**.

30. The Starr County Appraisal District lists Property D under Parcel Number 14138 and as undeveloped.

31. The Internal Revenue Service recorded Notices of Federal Tax Lien against Defendant, Maricela Olson, in the records of Starr County, Texas as set forth in paragraph 15, above.

32. On or about August 4, 2020, Defendant, Maricela Olson, deeded Property D to Defendants, Isidro Palomeque and Esperanza Reyes Palomeque. See **Exhibit 8.**

33. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against Property D by foreclosure sale or other court orders. In particular, the United States is entitled to have Property D ordered sold in a judicial sale,

or by a receiver appointed for that purpose, free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action, including, any rights of redemption with the proceeds of the sale being distributed: first, to the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Property; second, to Defendant, Starr County Tax Assessor, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the tax liabilities described above; and, fourth, to the other parties in the order of their priority of interest in the property in accordance with the law; or as otherwise determined by the Court in accordance with the law.

## **PRAYER**

WHEREFORE, Plaintiff, United States of America, prays for a judgment determining:

a) Defendant, Maricela Olson, is liable to the United States for federal income tax liabilities for the years 2013 through 2016 in the amount of $836,343.57, as calculated to July 31, 2024, plus statutory additions and prejudgment and post judgment interest on that amount at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c) until paid;

b) The federal tax liens securing the liabilities described in this Complaint shall be foreclosed or enforced by other court orders against Property A by sale of the entire property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including, any costs and expenses incurred to secure and maintain Property A; second, to the Defendant, Starr County Tax Assessor/Collector, to pay any real estate

taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the Plaintiff, United States to pay the liabilities set forth above; and, fourth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law;

      c) The federal tax liens securing the liabilities described in this Complaint shall be foreclosed or enforced by other court orders against Properties B and C by sale of the entire properties in a judicial sale, or by a receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including, any costs and expenses incurred to secure and maintain the Property; second, to the Defendant, Starr County Tax Assessor/Collector, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the Plaintiff, United States, to pay the liabilities set forth above; and, fourth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law;

      d) The federal tax liens securing the liabilities described in this Complaint shall be foreclosed or enforced by other court orders against Property D by sale of the entire property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including, any costs and expenses incurred to secure and maintain the Property; second, to the Defendant, Starr County Tax Assessor/Collector, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6);

Complaint
Page 11 of 12

third, to the Plaintiff, United States to pay the liabilities set forth above; and, fourth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law; and

e) Awards the United States such other and further relief as this Court deems just and proper, including, judgment for an amount equal to its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

David A. Hubbert
Deputy Assistant Attorney General

/s/ Ignacio Perez de la Cruz
IGNACIO PEREZ DE LA CRUZ
Attorney-in-Charge
Trial Attorney
Massachusetts Bar No. 672618
SDTX No. 2433910
Ignacio.PerezdelaCruz@usdoj.gov
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9759
(214) 880-9742 (Fax)

ATTORNEY FOR THE UNITED STATES