United States District Court
Southern District of Texas
**ENTERED**
August 14, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civ. No. 7:24-cv-00285 |
| | § | |
| MARICELA OLSON, ET. AL., | § | |
| Defendants. | § | |

## REPORT & RECOMMENDATION

The United States brought the present action against Defendants seeking to enforce an IRS

tax lien against various properties due to Maricela Olson's unpaid income tax balance. (Dkt. No.

1). Defendant, Maricela Olson, owed about $800,000 in income tax to the IRS and the IRS took

the proper steps to place a tax lien on Olson's properties. *Id.* at 2-3. At some point, Olson sold all

properties in question to two other Defendants, the Palomeque's and Erika Escoto, who now claim

an interest in those properties. *Id.* The United States has settled with all involved parties and is

no longer a party in this case. The only remaining claims are the Palomeque's crossclaim against

Olson based on Texas state law. (Dkt. No. 23).

For the following reasons, after conducting a review of jurisdiction *sua sponte*, the

undersigned recommends the Court should decline to exercise supplemental jurisdiction over the

remaining claims in this action and the claims should be **DISMISSED** without prejudice. (Dkt.

No. 23).

## I.     LAW AND ANALYSIS

The Court had jurisdiction over this case pursuant to 26 U.S.C. §§ 7402, 7403, and 28

U.S.C. §§ 1331, 1340, 1345, because the action arose under federal tax law and the United States

was the Plaintiff, establishing federal question jurisdiction. (Dkt. No. 1 at 1). On June 25, 2025, the United States resolved all its claims against all Defendants. (Dkt. No. 50). The remaining claims are crossclaims between Defendants the Palomeque's and Defendant Maricela Olson, all based on Texas state law. (Dkt. No. 23). Thus, the Court should consider whether it should continue the case by exercising supplemental jurisdiction. *See Gilliam v. Wise*, No. 14-cv-2631, 2017 WL 8897099, at *1 (W.D. La. Dec. 6, 2017).

A federal court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016). In making this determination, courts consider the provisions of 28 U.S.C. § 1367(c) and "common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011).

The general rule in the Fifth Circuit is to decline to exercise supplemental jurisdiction over state claims when all the federal claims have been dismissed. *McCann v. Spencer Plantation Invs. Ltd.*, No. Civ. A. 4:15-0162, 2015 WL 5011441, at *4 (S.D. Tex. July 23, 2015) (citing *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)). This is especially true in the usual case where all federal law claims are disposed of before trial because "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Dresser Indus.*, 972 F.2d at 586-87 (citing *Carnegie-Mellon Univ.*

2

*v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, dismissal is warranted under §1367(c)(3) since all claims to which this Court had original jurisdiction have been disposed of.  Further, the balance of factors also weighs in favor of declining to exercise supplemental jurisdiction.  There has been no significant investment of judicial resources into the state law claims presented as there has been no substantial court involvement in those claims. Indeed, the Palomeque's have requested additional time and opportunity to settle claims with Defendant Olson and requested extensions on deadlines for pretrial motions. (Dkt. No. 51).  All parties are Texas residents.  The remaining claims all will be resolved through application of state law.  Because federal courts are "not as well equipped for determinations of state law as state courts," the comity factor weighs in favor of dismissal. *Michael v. Boutwell*, 138 F.Supp.3d 761, 791 (N.D. Miss. 2015); *Enochs*, 641 F.3d at 160.  This seems to be the usual case in which a case should be dismissed upon disposition of all federal claims.

Thus, this Court should decline to exercise supplemental jurisdiction over Defendant Palomeque's claims against Defendant Olson based on state law.  The undersigned recommends all remaining claims be **DISMISSED without prejudice**.

## II.    CONCLUSION

### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned recommends the Court should decline to exercise supplemental jurisdiction over the remaining claims in this action and they should be **DISMISSED** without prejudice.  (Dkt. No. 23).

### *Notice to the Parties*

The Clerk shall send copies of this Report and Recommendation to the Parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C.

§ 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings or legal conclusions accepted or adopted by the District Court, except on grounds of plain error. *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The Clerk shall provide copies of this order to counsel for each party.

**DONE** at McAllen, Texas, on 14th day of August 2025.

Juan F. Alanis
United States Magistrate Judge